THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 1:24-cr-034 |
| v. | ) | |
| | ) | GOVERNMENT'S |
| MENSAH LATEEF OLLOWAY, | ) | SENTENCING |
| | ) | MEMORANDUM AND |
| Defendant. | ) | MOTION FOR UPWARD |
| | ) | DEPARTURE OR VARIANCE |

Comes now the United States of America, by and through the United States Attorney for the Southern District of Iowa and the undersigned Assistant United States Attorney, and respectfully submits its Sentencing Memorandum.

The Defendant entered a plea of guilty to Counts 1 and 3 of the Indictment, Felon in Possession of a Firearm in 1:24-cr-010. The Defendant entered a plea of guilty to Counts 4 and 5 of the Superseding Indictment, Interference with Commerce Through Robbery and Possession and Brandishing a Firearm in Furtherance of a Crime of Violence in 1:24-cr-034. A PSR was filed that calculated a total offense level of 27 and a criminal history category of II, with an advisory guideline range of 78-97 months plus 84 months consecutive as to Count 5. (PSR ¶ 153.)

## I.    Total offense level

The base offense level as to Counts 1 and 2 in 1:24-cr-010 was calculated at 20 pursuant to § 2K2.1(a)(4)(B). (PSR ¶ 45 .) The firearm was stolen which added 2-levels consistent with § 2K2.1(b)(4)(A). (PSR ¶ 46.) A 4-level enhancement was

1

included for another felony offense pursuant to § 2K2.1(b)(6)(B). (PSR ¶ 47.) The adjusted offense level is 26. (PSR ¶ 51.)  The base offense level as to Count 4 in 1:24-cr-34 is 20. (PSR ¶ 52.)  The Defendant received a 1-level increase for taking a firearm as part of the offense consistent with § 2B3.1(b)(6). (PSR ¶ 53.) The adjusted level is 21. (PSR 58.) The adjusted offense level becomes 26 with a 1-level increase pursuant to § 3D1.4 for a total offense level of 27. (PSR ¶ ¶ 61, 65.)

The Defendant filed numerous objections to the PSR that do impact the total offense level and therefore needs to be resolved at the sentencing hearing. (R. Doc 331.)

## II.    Defendant's Objections to the PSR

In determining a Defendant's base offense level, specific offense characteristics, and adjustments, the sentencing court is directed to consider all acts and omissions committed, aided, abetted, counseled, induced, procured, or willfully caused by the defendant.  U.S.S.G. §1B1.3(a)(1)(A). The Guidelines further direct the court to consider all acts and omissions of others that were--

**(i)** within the scope of the jointly undertaken criminal activity,

**(ii)** in furtherance of that criminal activity, and

**(iii)** reasonably foreseeable in connection with that criminal activity; that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

U.S.S.G §1B1.3(a)(1)(B). Application of sentencing enhancements must be supported by a preponderance of the evidence and the government has the burden

2

to prove factual basis for an enhancement. *United States v. Mitchell,* 825 F.3d 422,

425 (8th Cir. 2016).

### A    Another Felony Offense (2K2.1(b)(6)(B)

The Defendant objects to paragraphs 20 and 94 and resists the 4-level

enhancement calculated in the offense level of Counts 1 and 2 in 1:24-cr-010. An

assault pursuant to Iowa Code § 708.1(2) and 708.2(3) is an aggravated

misdemeanor, punishable by a term of imprisonment of two years. The definition of

another felony offense is defined as, "any federal, state, or local offense, other than

the explosive or firearms offense, punishable by imprisonment for a term exceeding

one year. § 2K2.1(b)(6)(B) cmt. n. 14(C). A crime designated as an aggravated

misdemeanor under Iowa law falls within the Guideline definitions of a felony

offense. *United States v. Holm*, 745 F.3d 938, 941 (8th Cir. 2014). The Government

may also argue the burglary applies consistent with paragraph 94 of the PSR. In

either scenario, the enhancement applies.

### B.    Acceptance of Responsibility

The Defendant objected to paragraph 51 which does not support a reduction

for acceptance of responsibility. § 3E1.1(a) provides for a reduction if the defendant

clearly demonstrates acceptance of responsibility for the offense. *United States v.*

*Davis*, 875 F.3d 869, 875 (8th Cir. 2017). A non-exhaustive list of factors is  included

in § 3E1.1 cmt. n.1. The Defendant did not enter a plea of guilty prior to the plea

entry deadline and is not eligible for an acceptance of responsibility reduction. (See

§ 3E1.1 cmt. n.2, 3.) The issue for the Court to resolve is if an acceptance of responsibility reduction is appropriate in 1:24-cr-010. The Defendant has incurred violations while in custody detailed in paragraph 11 and a more recent incident report is attached.

### C. **Enhancement Pursuant to § 2B3.1(b)(6)**

The Defendant objects to paragraph 53 arguing that a firearm was not taken nor was it the object of the offense. The Government advocates for this enhancement. During the robbery, money and car keys were taken from SA. The vehicle was taken that contained a firearm. The firearm was possessed and used by the Defendant. The Government submits that the firearm being stolen and Counted in Group 1 makes this objection irrelevant to the total offense level.

### D. **Factual Objections**

The Defendant objected to the information contained in paragraph 66 and 94 of the PSR. If a defendant objects to the facts set forth in the PSR, then the sentencing court may not rely on those facts unless the Government proves them by a preponderance of the evidence. *United States v. Bowers*, 743 F.3d 1182, 1184 (8th Cir. 2014). The Government asserts that these paragraphs are accurate, and the Government intends to support the information within the objected to paragraphs.

### III.    **Government's Objection**

The Government maintains that paragraphs 35 and 37 of the PSR should include H.H., and any other victim who is part of the instance offense or relevant conduct in

4

review of and reliance of 18 USC § § 3771, 3553(a); USSG §§ 1B1.3(a)(1)(A), (B) and (3). (See also *United States v. Radtke*, 4155 F.3d 826, 841) (relevant conduct includes all acts and omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction.") The Defendant moved into H.H's house with codefendant Weaver. The impact of their criminal activity had over H.H. is overwhelming and should be pertinent information at sentencing.

## IV.    Motion for Variance

The Government seeks an upward variance. In making this motion, the Government first points to § 5K2.1 - Death and § 5K2.6 – weapons and dangerous instrumentalities.

First, § 5K2.1, " permits the court to increase a sentence above the authorized guideline range "[i]f death resulted" from the defendant's conduct. The policy statement directs the court to consider the defendant's state of mind, the degree of planning or preparation, whether multiple deaths resulted, and the means by which life was taken. The provision further states that the extent of an increase "should depend on the dangerousness of the defendant's conduct, the extent to which death or serious injury was intended or knowingly risked, and the extent to which the offense level for the offense of conviction ... already reflects the risk

 of personal injury."

Second, § 5K2.6, "If a weapon or dangerous instrumentality was used or possessed in the commission of the offense the court may increase the sentence above

the authorized guideline range. The extent of the increase ordinarily should depend on the dangerousness of the weapon, the manner in which it was used, and the extent to which its use endangered others. The discharge of a firearm might warrant a substantial sentence increase."

The Defendant stole a firearm and shot the firearm  several times causing the death of GF. This incident was ultimately not charged at the state level. It is important to point out two things about this incident, first, but for the Defendant stealing the firearm in the first place, GF would not have been shot and killed on December 17, 2024. Also, the Defendant and codefendant Weaver communicated with each other about GF calling the police on him and she and the Defendant discussed GF being  a dead man, "he's gonna be took before god takes his ass." (PSR ¶ 66.)

The Defendant's use of a firearm on 3 separate occasions in a week (December 14, 16, 17, 2024) coupled by the Defendant's criminal history warrant an upward departure.

Alternatively, the Defendant's violence, use of a firearm, criminal behavior and dangerousness to the community is not accurately reflected in the guideline range and an upward variance is warranted.

## V.    Application of the 18 U.S.C. § 3553(a) factors

The factors the Court must use to determine a reasonable sentence are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed;
> > (A) to reflect the seriousness of the offense, promote respect for

the law, and provide just punishment;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and,

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the sentencing range from the guidelines;

(5) any pertinent policy statements by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to victims.

(18 U.S.C. § 3553(a)).

"A sentencing court abuses its discretion 'when it ... fails to consider a relevant factor that should have received significant weight ... [or] gives significant weight to an improper or irrelevant factor.'" *United States v. Berry*, 930 F.3d 997, 1000 (8th Cir. 2019) quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). The Court considers all of the relevant factors listed in 18 U.S.C. § 3553(a) and has the authority to vary from the recommended sentence. The Court is not required to do so, however.

The first factor to consider is the nature and circumstances of the offense and history of the Defendant. The Defendant and codefendants were involved in a ruse robbery in which he brandished and pointed firearms at men who showed up for a prostitution date. The actions of the Defendant and codefendants were planned, calculated and alarming.

On December 12, 2024, SA arrived at the Harrison Street house for a

prostitution date. Money and SA's car keys were taken. The Defendant stole the firearm, possessed it, carried it, and brandished it. The firearm was brandished by the Defendant on a prostitution/robbery on December 14, 2024. The Defendant next brandished the firearm on December 16, 2024, during an argument and assault of a security guard. The Defendant, one day later, shot and killed GF, during a confrontation at the Harrison street house.

The nature and circumstances of the current offenses in combination with the Defendant's criminal history show the Defendant's lack of respect for the law and dangerousness to the safety of the community. The Defendant has a theft conviction in 2019 and was sentenced to probation. (PSR ¶ 87.) He was sanctioned with 3 days imprisonment and his probation was later terminated unsuccessfully. *Id.* In 2018, the Defendant was convicted of unlawful transportation of firearms. In 2021, the Defendant was convicted of accessory to a felony (strangulation) and sentenced to a term of imprisonment. (PSR ¶ 89.) This offense also involved the brandishing of a firearm. *Id.*

The Defendant's parents separated when he was a teenager, but his needs were always met. The Defendant has a supportive relationship with his parents and siblings. The Defendant has no significant medical history but does have a history of marijuana use. Substance abuse treatment while incarcerated may be beneficial. The Defendant has short term sporadic employment so a trade or additional schooling may aid in rehabilitation once released from incarceration.

8

The Defendant is young, reckless, dangerous, and jail sentences have not been a deterrent. The Government recommends a term above the guideline range, an upward variance, a sentence that reflects the seriousness of the offense, protect the community, promotes future deterrence and respect for the law.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By:   /s/ Shelly Sudmann
      Shelly Sudmann
      Assistant United States Attorney
      2146 27th Street, Suite 400
      Council Bluffs, Iowa 51501
      Tel: 712-256-5009
      Fax: 712-256-5112
      Shelly.sudmann@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2025, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

___U.S. Mail ___ Fax ___Hand Delivery

_X_ ECF/Electronic filing ___Other means

UNITED STATES ATTORNEY

By:   /s/ SCT
      Paralegal Specialist